IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Elvis Burroughs, | ) | Civil Action No.: 4:20-CV-01628-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Pee Dee Regional Transportation Authority, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Elvis Burroughs filed a Complaint in the State Court of Commons Pleas in Florence County on April 9, 2020. Burroughs alleges that Pee Dee Regional Transportation ("PDRTA") failed to pay him for several hours he worked as its employee. On April 27, 2020, PDRTA removed this case to this Court. On April 28, 2020, PDRTA filed a Motion to Dismiss for Failure to State a Claim, and approximately a month later, filed an Answer to the Complaint. [ECF No. 4; ECF No. 6]. Burroughs filed a response in Opposition to the Motion to Dismiss on May 12, 2020. [ECF No. 5]. This matter is now before the Court for review.[1]

**Factual Background**

Burroughs filed suit against PDRTA alleging violations of the Fair Labor Standards Act (the "FLSA") and violations of the South Carolina Payment of Wages Act (the "SCPWA"), as well as allegations of conversion and unjust enrichment. Burroughs alleges that he was employed as a bus driver by PDRTA from August 25, 2017 until July 26, 2019. [ECF No. 1-1; ¶¶ 3, 8].

---

[1] "Hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Local Civil Rule 7.08 DSC.

Burroughs alleges he initially was offered $9.25 per hour for employment with PDRTA and was most recently making either $10.20 or $10.30 per hour. [ECF No. 1-1; ¶¶ 4; 5]. Burroughs further alleges that despite being required by PDRTA to remain stationed with the bus he drove for 12 hours per day, PDRTA only paid him for 8 hours of work a day. [ECF No. 1-1; ¶ 6]. In response, PDRTA contends that Burroughs was paid all rightfully due and owing wages. [ECF No. 6]. PDRTA filed a Motion to Dismiss, alleging that Burroughs has failed to state a claim for which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as to his state law claims.

## Discussion

### A. Legal Standard

12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the sufficiency of the facts alleged in a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The United States Supreme Court has stated that

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in

2

the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In considering a motion to dismiss, the factual allegations in a complaint are accepted as true, and the plaintiff is afforded the benefit of all reasonable inferences to be drawn from the allegations contained within the complaint. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

**B. Analysis**

PDRTA initially argues that Burroughs's state law claims are all premised upon an alleged failure to pay him overtime and are therefore barred because they are preempted by the FLSA. PDRTA argues that because the FLSA creates a substantive right to enjoy overtime pay, Burroughs is limited to the statutory remedies provided for under the FLSA. Accordingly, PDRTA argues that Burroughs is unable to state a claim for relief based on state law, which include his claims pursuant to the SCPWA, conversion, and unjust enrichment. In response, Burroughs argues that PDRTA erroneously argues that conflict preemption requires dismissal of his case at this stage in the litigation.

Under the Supremacy Clause of the Constitution, federal laws and regulation may preempt state laws by either: (1) express preemption; (2) field preemption; or (3) conflict preemption. *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 191 (4th Cir. 2007). In determining whether a conflict exists between state law and federal law, the question is whether it is impossible to comply with both state and federal law; or, whether the state law stands as an obstacle to the accomplishment of the full purposes and objections of the federal law. *Id.* at 191-92. The applicable federal law here is the FLSA.

"Congress enacted the FLSA to eliminate 'labor conditions detrimental to the maintenance

3

of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" 29 U.S.C. § 202(a), cited by *Anderson*, 508 F.3d at 192. The Act "includes criminal penalties for willful violators of the minimum wage and overtime provisions; a private right of action permitting employees to sue in federal or state court to recover unpaid minimum wage and overtime compensation, liquidated damages, attorneys' fees and costs; and authorization to the Secretary of Labor to supervise payment of unpaid compensation due under the Act and to bring actions for compensatory and injunctive relief for violations of the Act's minimum wage and overtime provisions. *Kendall v. City of Chesapeake*, *Va.*, 174 F.3d 437, 443 (4th Cir. 1999) (citing 29 U.S.C. §§ 206, 207, 215-17).

> The Fourth Circuit has previously discussed FLSA preemption in *Anderson*, and provided:
>
>> Of course, our preemption inquiry must start [ ] with the basic assumption that Congress did not intend to displace state law. Consideration of issues arising under the Supremacy Clause starts with the assumption that the historic police powers of the States are not to be superseded by Federal Act unless that is the clear and manifest purpose of Congress. The purpose of Congress is therefore the ultimate touchstone of a preemption analysis. As a general proposition, the presumption that Congress did not intend to preempt state law is especially strong when it has legislated in a field which the States have traditionally occupied, such as protecting the health and safety of their citizens. And, the presumption is stronger still "against preemption of state remedies, like tort recoveries, when no federal remedy exists."

*Anderson*, 508 F.3d at 192 (alteration in original) (internal quotation marks and citations omitted). Thus, the FLSA provides a floor for minimum wage and overtime and contains a savings clause allowing states to enact wage laws relating to minimum wage and overtime which are more generous to employees than the FLSA. The FLSA savings clause provides: "No provision of this [Act] shall excuse noncompliance with any Federal or State law or municipal ordinance

4

establishing a minimum wage higher than the minimum wage established under the [Act] or a maximum work week lower than the maximum workweek established under this chapter." 29 U.S.C. § 218. However, state law claims that "merely duplicate" FLSA claims are preempted by the FLSA. *Anderson*, 508 F.3d at 194.

> The South Carolina Payment of Wages Act provides in S.C. Code Ann. § 41-10-30(A):
>
> Every employer shall notify each employee in writing at the time of hiring of the normal hours and wages agreed upon, the time and place of payment, and the deductions which will be made from the wages, including payments to insurance programs. The employer has the option of giving written notification by posting the terms conspicuously at or near the place of work. . .

S.C. Code Ann. § 41-10-80 further provides the remedy for a violation of this Act, including treble damages, attorney's fees and costs. To the extent a plaintiff seeks compensation under state law for overtime pay that is otherwise required by the FLSA, those claims would be preempted by the FLSA. *McMurray v. LRJ Rests., Inc.*, No. 4:10-CV-01435-JMC, 2011 WL 247906, at *2 (D.S.C. Jan. 26. 2011). Here, Burroughs alleges in his Complaint that he was offered $9.25 per hour, but was most recently making a higher wage. He also alleges that he was not paid overtime pay. He seeks redress under SCPWA because his employer "wrongfully withheld" his wages, and that he should be paid "all wages" owed to him. He does not allege that these wages include only overtime wages. He further seeks redress under the FLSA to recover accrued earned wages *and* overtime pay. Indeed, the SCPWA is broader than the FLSA in that it applies to all wages due an employee and is not limited to controversies involving minimum wage or overtime. Therefore, because Burroughs appears to seek redress for a state law cause of action *for nonpayment of wages, as opposed to simply overtime pay*, this Court finds that based on the pleadings currently

5

before the Court, the claims appear separate and distinct from the FLSA claims and may not be preempted by the FLSA. Similarly, Burroughs's common law claims of conversion and unjust enrichment also do not appear preempted by the FLSA, as they also appear separate and distinct from the FLSA claims. While PDRTA argues that these claims are also preempted by the FLSA because they are premised upon a failure to pay overtime, giving all reasonable inferences afforded to Burroughs, they are not specifically pled as such in the Complaint. Instead, the claim for conversion states that PDRTA is "wrongfully withholding" Burroughs's money with the intent to defraud him and use the money to its benefit. The unjust enrichment claim is based on the fact that Burroughs alleges PDRTA breached it agreement with Burroughs to pay wages and benefits in exchange for his performance of services. It is not entirely clear from the Complaint that these common law claims seek to recover only overtime pay, but rather simply other unpaid wages. Accordingly, these claims are not preempted by the FLSA to the extent they are not seeking simply overtime pay. *See Flowers v. Premier V.T.L., LLC*, No. 2:18-1279-RMG, 2018 WL 3014820, at *2 (D.S.C. June 15, 2018) (explaining that the FLSA preempts conversion and unjust enrichment claims insofar as they seek to recover overtime pay). However, the conversion state law claim fails for the reasons explained below.

     PDRTA separately argues that a failure to pay wages cannot support a claim for conversion under South Carolina law. Under South Carolina law, conversion is defined as the "unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another or the alteration of their condition of the exclusion of an owner's rights." *Dawkins v. National Lib. Life Ins. Co.*, 263 F. Supp. 119, 121 (D.S.C. Jan. 17, 1967). To establish the tort

6

of conversion under South Carolina law, Burroughs has to prove "either title to or right to the possession of personal property." *Joe Hand Promotions, Inc. v. Double Down Entm't, LLC*, No. 0:11-CV-02438-MBS, 2014 WL 994382, at *8 (D.S.C. Mar. 13, 2014). PDRTA argues that the failure to pay wages cannot support a claim for conversion under South Carolina law. *Flowers*, 2018 WL 3014820, at *2 (citing *Owens v. Zippy Mart of South Carolina, Inc.*, 234 S.E.2d 217, 218, 268 S.C. 383 (S.C. 1977) (holding "there can be no conversion when there is a mere obligation to pay a debt.")). Here, in reviewing the claim for conversion found within the Complaint, Burroughs alleges that PDRTA committed conversion in "wrongfully withholding Plaintiff's money from his possession" and by "not surrendering the money upon his request for wages owed to him." Therefore, it is clear that the conversion claim is based upon the failure to pay wages to Burroughs and is insufficient to support a conversion claim under South Carolina law. Accordingly, Plaintiff's conversion claim is dismissed.

## Conclusion

The Court has thoroughly reviewed the entire record, including the pleadings, Defendant's motions to dismiss [ECF #4], Plaintiff's response to the motion [ECF #5] and the applicable law. For the reasons stated above, The Motion to Dismiss is **GRANTED** as to the conversion claim. It is **DENIED** to the extent the SCPWA claim and unjust enrichment claims seek wages other than overtime pay, which is covered under the FLSA.

**IT IS SO ORDERED.**

Florence, South Carolina                s/ R. Bryan Harwell
September 24, 2020                      R. Bryan Harwell
                                        Chief United States District Judge